ROBERT A. NASH v. W. S. NOBLE ET AL.

Decided May 10, 1907.

**1.—Conversion of Property—Pleadings—Evidence—Charge.**

In a suit for damages for the conversion of property where defendant's pleadings did not allege that the property in question was delivered to defendant by plaintiff's agent, and there was no evidence of the fact, it was error to submit such issue to the jury.

**2.—Agency—Scope—Evidence.**

One authorized by the owner to procure and bring a few bottles of whiskey from the owner's home to his place of business is not thereby authorized to deliver the whole of the whiskey at the owner's home to a third party, and such evidence is not sufficient to raise the issue of the agent's authority to do so.

**3.—Local Option—Seizure of Whiskey—Authority—Defense.**

Where a sheriff without writ or other lawful process seizes whiskey in a local option district, in a suit by the owner from the value of the whiskey, the sheriff can not defend by showing that after the seizure he levied an execution on the whiskey, sold it thereunder and applied the proceeds to the payment of the owner's debt. A claim for damages growing out of a tort can not be offset by a debt.

Appeal from the District Court of San Augustine County. Tried below before Hon. James I. Perkins.

*George E. Gatling,* for appellant.

*Davis & Davis,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant against the appellees to recover damages for the alleged unlawful taking and conversion of fifty gallons of whisky alleged to be of the value of $250. The petition charges that the whisky was unlawfully seized and converted by W. S. Noble, sheriff of San Augustine County, aided and assisted by the defendants, Joseph A. Burleson, H. C. Beard and John Price. The other defendants named in the petition are the sureties upon the official bond of the defendant Noble and are sued herein as such.

The defendants filed a joint answer which consists of general demurrer and general denial, special plea denying that the whisky taken by defendant Noble was the property of plaintiff, or that plaintiff had any interest therein, and a further special plea in which it is averred, in substance, that appellant Nash and those in his employ were extensively engaged in selling intoxicating liquors in the town of San Augustine, Texas, in violation of the local option law there in force, and that after said sheriff took possession of said whisky he levied upon the same by virtue of an execution issued out of the District Court of Galveston County, Texas, in favor of Levy & Co. against Knight, Mitchell and Nash, as the property of the plaintiff Nash. and sold the same for the sum of

$50 to Levy & Co., and placed the amount as a credit on said execution. The trial in the court below resulted in a verdict and judgment in favor of defendants.

The evidence shows that on September 14, 1905, the appellee Noble, who was at that time sheriff of San Augustine County, went to the home of appellant in the town of San Augustine and took therefrom two barrels containing together about 50 gallons of whisky belonging to appellant and carried it to the county jail where he stored it until it was subsequently sold under an execution issued on a judgment against appellant and others in favor of L. W. Levy & Co.

The substance of Noble's testimony, as set out in appellees' brief, is as follows:

"That prior to the 14th of September, 1905, he had heard of Bob Nash violating the local option law, and had been watching to catch him; that he had gone to see Nash about it several times; that he sent after Beard, Burleson and Price, the night he took the whisky, to see what he had and to use them as witnesses; that they did nothing to aid or encourage him in taking the whisky; that he went to Nash's house; that he asked Deedy Martin to unlock the door to the smoke-house and Deedy Martin handed him the key and asked him to unlock it; that after the whisky had been rolled out he gave the key back to Deedy Martin; that he did not have any writ to take the liquor; that Deedy Martin told him that if he would not indict him and let him off he would go and unlock the door for him; that he did not force Deedy Martin to go with him nor to give him the key; that he put the whisky in the jail and locked it up, and a day or two afterwards levied upon the whisky as the property of Nash under an execution issued out of the County Court of Galveston County, Texas, and sold same under said execution to L. W. Levy & Co. for the sum of $50 and credited said execution with this amount." He also testified that before Martin offered to give up the key he, Noble, told him that he would indict him for "boot-legging liquor."

It was admitted that the defendants named in the petition as such were the sureties upon Noble's official bond as sheriff of San Augustine County.

The testimony of appellant and the witnesses Deedy Martin and Shack Anderson shows that on the night of September 14, 1905, the appellant sent said Martin and Anderson from his place of business to his home with instructions to draw out of the barrels several bottles of whisky and bring them to appellant at his store. He gave the key to the smoke-house in which the whisky was stored to Martin. To the question, "Was Deedy Martin acting as your agent?" the appellant answered, "Yes." He was then asked: "He had charge of all that whisky up there at that time?" To which he replied, "It was my whisky. I did not say that he had charge, he was my porter and I told him to go and get it."

Martin and Anderson were intercepted by appellee Noble while performing their errand and the key obtained from Martin and the whisky taken as detailed in the testimony of Noble before set out.

The second assignment of error complains of the following portion of the charge to the jury:

"That if you believe from the evidence that the defendant, Noble, unlocked and opened the door of plaintiff's house and entered the same with the consent of plaintiff, given by his duly authorized agent, and that such consent was given freely without threats or compulsion, you will find for the defendants."

This charge should not have been given because it submits an issue not raised by the pleadings or the evidence. There was no averment by the defendants in their pleadings that the whisky was delivered to the defendant Noble by a duly authorized agent of appellant, and if the answer had contained such averment there was no evidence raising such an issue. The statement of appellant that Martin was his agent for the purpose of procuring and bringing a few bottles of the whisky to his place of business does not raise the issue of authority in said Martin to deliver the whole or any part of the whisky to any person.

The third assignment complains of a portion of the charge in which the jury are instructed that appellant's measure of damage was the excess, if any, of the market value of the whisky at the time it was converted over and above the amount for which it was sold under the execution against plaintiff. We do not think the proposition involved in this charge is correct. Appellee Noble having taken appellant's property without authority of law should not be allowed to defeat appellant's claim for damages for such wrongful and unlawful taking by showing that he sold the property so taken and applied the proceeds of such sale to the satisfaction of a debt due by appellant. To allow a wrongdoer to thus defeat the claim of the wronged party for damages for such wrong would be in violation of the general rule of law, which is statutory in this State, that a claim for damages growing out of a tort can not be offset by a debt. Appellant if he had been given an opportunity may have preferred to have kept the whisky and paid his debt to Levy, and he could not have been lawfully deprived by appellee Noble of the right to exercise this preference.

Under the evidence disclosed by this record the only issue which should have been submitted to the jury was the value of the property unlawfully taken and converted by the appellee Noble, and if the evidence is the same upon another trial the court should so instruct the jury.

We do not think the evidence shows any act on the part of the defendants Burleson, Beard and Price which would make them liable for the wrongful conversion of appellant's property, and the judgment in their favor is affirmed. As to the other appellees the judgment of the court below is reversed and the cause remanded.

*Affirmed in part.*
*Reversed and remanded in part.*